UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FABIAN EDWIN GUAMANGATE
PASTUNA,

       Petitioner,

       v.

ANTONE MONIZ, Superintendent,
Plymouth County Correctional Facility, et
al.,

       Respondents.

Civil Action No. 1:26-cv-11938-IT

MEMORANDUM & ORDER

June 17, 2026

TALWANI, D.J.

Pending before the court is Petitioner Fabian Edwin Guamangate Pastuna's [Second]

Petition for Writ of Habeas Corpus [Doc. No. 1]. For the reasons set forth below, the court

requires a further response from Respondents.

## I.    Background

Petitioner is an Ecuadorian national. Pet. ¶ 32 [Doc. No. 1]. On March 19, 2026,

Petitioner was detained by federal immigration agents. Id. ¶ 1. He is currently detained at

Plymouth County Correctional Facility in Plymouth, Massachusetts. Id. ¶¶ 1, 34.

On March 23, 2026, Petitioner filed a *pro se* petition for a writ of habeas corpus. Id. ¶ 35

("First Habeas Petition").[1] This court granted the First Habeas Petition and directed Respondents

to provide Petitioner with a bond hearing. Id. ¶ 36.

---

[1] See Pet. for Writ of Habeas Corpus, Guamangate Pastuna v. Moniz et al., No. 26-cv-11464-IT
(D. Mass. Mar. 23, 2026), Dkt. No. 1.

On April 9, 2026, an immigration judge presided over Petitioner's custody redetermination hearing and ordered Petitioner's continued detention. Pet. Ex. A, at 1 [Doc. No. 1-4] ("Order of the Immigration Judge"). As grounds, the immigration court found that Petitioner was "a danger to the community by clear and convincing evidence[.]" Id. Petitioner asserts, and Respondents do not contest, that Petitioner has no conviction record in the United States or anywhere else in the world. Pet. ¶ 33. Petitioner asserts that "the sole reason" the immigration judge provided for denying bond was Petitioner's then-pending charge for operating under the influence. Pet. ¶ 37e. Respondents note, and Petitioner does not contest, that though Petitioner reserved his appeal, he has not filed an appeal of the immigration judge's decision with the Board of Immigration Appeals ("BIA"). Resp'ts' Resp. 2 [Doc. No. 8].

Petitioner subsequently moved to withdraw the habeas petition and voluntarily depart from the United States. Mot. to Withdraw Habeas Pet., Guamangate Pastuna v. Moniz et al., No. 26-cv-11464-IT (D. Mass. Apr. 27, 2026), Dkt. No. 14. This court granted Petitioner's motion to withdraw without prejudice and closed the case. Electronic Order, Guamangate Pastuna v. Moniz et al., No. 26-cv-11464-IT (D. Mass. Apr. 27, 2026), Dkt. No. 15.

Two days later, Petitioner retracted his decision to voluntarily depart and opted to continue pursuing his claim. Pet. ¶ 42 [Doc. No. 1]. On April 29, 2026, he filed this Petition for Writ of Habeas Corpus [Doc. No. 1]. Petitioner's asylum case is currently pending. Id. ¶ 41.

Petitioner reports that on June 5, 2026, following a bench trial, Petitioner was found not guilty of the operating under the influence charge. Suppl. to Pet. Ex. 3, at ECF 5 [Doc. No. 10-3]. As to Petitioner's negligent operation of a motor vehicle charge, the Brockton District Court continued the charge without a finding. Id. (noting the court disposition as "CWOF").

On June 11, 2026, Petitioner had a second custody redetermination hearing before an immigration judge. Suppl. to Pet. Ex. 4, at 1 [Doc. No. 10-4]. The immigration court again denied Petitioner's bond request finding that Petitioner posed a danger to the community be clear and convincing evidence. Id.

**II.    Discussion**

Petitioner asserts that his bond hearing was constitutionally deficient because the immigration judge's determination that Petitioner posed a danger to the community by clear and convincing evidence "improperly weighed a police report in a criminal matter in which the Petitioner had been acquitted of the most serious charge." Suppl. to Pet. ¶ 2 [Doc. No. 10]. He requests that the court order his release or, in the alternative, a new bond hearing. Id. ¶ 5.

Respondents maintain that Petitioner has failed to exhaust administrative remedies where he did not appeal the immigration judge's decision to the Board of Immigration Appeals ("BIA"). Resp'ts' Resp. 3, 9 [Doc. No. 8]. Respondents do not address the merits of Petitioner's due process claim.

A.    *Exhaustion*

Petitioner contends there is no statutory exhaustion requirement that Petitioner appeal his decision to the Board of Immigration Appeals before bringing this petition challenging the proceedings on due process grounds. Pet. ¶ 17 [Doc. No. 1]. Instead, he argues that his case is governed by the common law exhaustion standard, which does not require exhaustion in all cases. Id. Respondents assert that both statutory and common law exhaustion apply and that both require exhaustion in this case. Resp'ts' Resp. 5 [Doc. No. 8].

"There are two species of exhaustion: statutory and common-law." Brito v. Garland, 22 F.4th 240, 255 (1st Cir. 2021). Statutory exhaustion "deprives a federal court of jurisdiction,"

3

whereas common-law exhaustion "cedes discretion to a [federal] court to decline the exercise of jurisdiction." Id. (alteration in original) (quoting Anversa v. Partners Healthcare Sys., Inc., 835 F.3d 167, 174 (1st Cir. 2016)). "In other words, 'exhaustion of administrative remedies is absolutely required if explicitly mandated by Congress[]'" while courts retain "more latitude in dealing with exhaustion questions when Congress has remained silent." Id. (quoting Portela-Gonzalez v. Sec'y of the Navy, 109 F.3d 74, 77 (1st Cir. 1997)).

### 1.    Statutory Exhaustion

Respondents point to no statute requiring exhaustion where a noncitizen seeks to challenge the constitutionality of his or her bond hearing. See Garcia v. Hyde, 817 F. Supp. 3d 112, 125 (D.R.I. 2025) (finding no statutory exhaustion requirement where petitioner challenged constitutional adequacy of bond hearing); Gomes v. Hyde, 804 F. Supp. 3d 265, 272, 277 (D. Mass. 2025) (finding no statutory exhaustion required where petitioner challenged immigration judge's denial of bond).

Respondents note that the First Circuit has held that statutory exhaustion is required where a noncitizen seeks review of a final order of removal pursuant to 8 U.S.C. § 1252(d). Resp'ts' Resp. 5 [Doc. No. 8]; see Sayyah v. Farquharson, 382 F.3d 20, 26 (1st Cir. 2004) ("[S]ection 1252(d)'s exhaustion requirement applies broadly to all forms of court review of final orders of removal, including habeas corpus." (footnote omitted); see also 8 U.S.C. § 1252(d)(1) ("A court may review a final order of removal only if—(1) the alien has exhausted all administrative remedies available to the alien as of right[.]"). Petitioner, however, is not seeking review of a final order of removal, and the § 1252(d) requirement does not apply to other habeas claims, such as pre-removal-order due process claims. Brito, 22 F.4th at 255–56 ("In this case, however, the government points us to no statutory exhaustion requirement that would govern the petitioners' pre-removal-order due process claims."); see also Romero v. Hyde, 795

4

F. Supp. 3d 271, 278 (D. Mass. 2025) (noting § 1252 does not apply to noncitizen's habeas petition challenging detention rather than removal (citing Hernandez v. Gonzales, 424 F.3d 42, 42 (1st Cir. 2005)).

Accordingly, Petitioner was not required by statute to exhaust administrative remedies in this case.

> 2.    Common-law Exhaustion

Because exhaustion is not required by statute in this case, the court instead evaluates Respondents' argument against the "more permissive" common-law exhaustion standard. Brito, 22 F.4th at 256; Gomes, 804 F. Supp. 3d at 272.

Under this standard, the court may decline to require exhaustion in "circumstances in which the interests of the individual weigh heavily against requiring administrative exhaustion." Portela-Gonzalez, 109 F.3d at 77 (quoting McCarthy v. Madigan, 503 U.S. 140, 146 (1992)). As relevant to this case, "a court may consider relaxing the [exhaustion requirement] when unreasonable or indefinite delay threatens unduly to prejudice the subsequent bringing of a judicial action." Id. Further, "if the situation is such that 'a particular plaintiff may suffer irreparable harm if unable to secure immediate judicial consideration of his claim,' exhaustion may be excused even though 'the administrative decisionmaking schedule is otherwise reasonable and definite.'" Id. (quoting McCarthy, 503 U.S. at 147). A court need not require exhaustion where a petitioner is "challenging [] incarceration . . . or the ongoing deprivation of some other liberty interest." Brito, 22 F.4th at 256 (alteration in original) (quoting Bois v. Marsh, 801 F.2d 462, 468 (D.C. Cir. 1986)).

The court declines to require exhaustion here where Petitioner is challenging detention and may suffer irreparable harm if required to exhaust administrative remedies. Petitioner has been detained by Respondents since March 19, 2026. As other sessions of this court have found,

the processing time for bond appeals can be significant. Gomes, 804 F. Supp. 3d at 272 (noting average processing time for bond appeals exceeded 200 days in 2024 according to data released by Executive Office for Immigration Review). Assuming the BIA is continuing to process appeals at a similar rate, Petitioner would remain detained possibly for the rest of this calendar year while awaiting adjudication of his appeal. Ferrara v. United States, 370 F. Supp. 2d 351, 360 (D. Mass. 2005) (noting "loss of liberty is a . . . severe form of irreparable injury").

In this instance, the court finds Petitioner's interests "weigh heavily against requiring administrative exhaustion" and accordingly declines to impose such a requirement. See McCarthy, 503 U.S. at 146.

B.      *The Merits*

This court's authority to review a noncitizen's challenge of a custody redetermination hearing is limited. Diaz Ortiz v. Smith, 384 F. Supp. 3d 140, 143 (D. Mass. 2019). The court does not have jurisdiction over challenges to an "immigration judge's weighing of the evidence and exercise of discretion with respect to dangerousness." Id. at 144; Garcia, 817 F. Supp. 3d at 126 (D.R.I. 2025) ("The Court, for instance, 'has no authority to encroach upon an IJ's discretionary weighing of the evidence.'" (quoting Diaz-Calderon v. Barr, 535 F. Supp. 3d 669, 676 (E.D. Mich. 2020)).

At the same time, an immigration judge "does not have discretion to fail to apply the burden of proof that due process requires." Mayancela Mayancela v. FCI Berlin, Warden, No. 25-CV-348-LM-TSM, 2025 WL 3215638, at *5 (D.N.H. Nov. 18, 2025). Courts may review whether an immigration court applied the correct burden of proof. Diaz Ortiz, 384 F. Supp. 3d at 143 (citation omitted); Miti v. Moniz, No. 26-11327-BEM, 2026 WL 884639, at *1 (D. Mass. Mar. 31, 2026) ("District courts retain habeas jurisdiction to ensure that immigration bond hearings are conducted within constitutional bounds.").

Petitioner argues that the immigration court has improperly relied on a police report regarding Petitioner's criminal charges, despite Petitioner's acquittal on the more serious charge and the other charge being continued without a finding. Suppl. to Pet. ¶¶ 2–4 [Doc. No. 10].

Where Respondents has made no arguments on the merits, the court directs Respondents to file a supplemental reply addressing the merits of Petitioner's due process claim, and specifically whether, in light of the information provided in Petitioner's <u>Supplement to Petition for Writ of Habeas Corpus</u> [Doc. No. 10], "the evidence itself could not -- as a matter of law -- have supported the immigration judge's decision to deny bond." <u>See</u> <u>Diaz Ortiz</u>, 384 F. Supp. 3d at 143 (internal quotation marks omitted).

## III.   Conclusion

For the foregoing reasons, Respondents shall file a further response addressing the merits of Petitioner's due process claim no later than June 24, 2026.

IT IS SO ORDERED.

June 17, 2026                         /s/ Indira Talwani
                                      United States District Judge